UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

RAY CARROLL, on behalf of himself and
all others similarly situated;

       Plaintiff,

vs.

LOWE'S HOME CENTERS, INC.,

       Defendant.
_____/

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Lowe's Home Centers, Inc. ("Lowe's") hereby removes the state court action described below to this Court. In support thereof, Lowe's states as follows:

1. On or about September 19, 2012, Plaintiff Ray Carroll ("Carroll") filed a putative class action that is currently pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 12-37165 CA 05 (the "State Action"). On or about October 5, 2012, Plaintiff's counsel sent, by regular U.S. Mail, a Notice of Commencement of Action and a request for Waiver of Service of Process to counsel for Defendant, which was received by Defendant's counsel on or about Friday, October 12, 2012. October 24, 2012, Lowe's counsel formally waived service of Plaintiff's Class Action Complaint on Lowe's behalf. Thus, Lowe's was served on October 24, 2012. Upon information and belief, there have been no other proceedings in the State Action.

2. As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1331 (federal question jurisdiction).

## I.
## Lowe's Has Satisfied The Procedural Requirements For Removal.

3.  Lowe's waived service of process, and was served with the Class Action Complaint on October 24, 2012.  Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service.  *See* 28 U.S.C. § 1446(b).

4.  Venue lies in the United States District Court for the Southern District of Florida because the State Action was filed by Plaintiff and is now pending in this judicial district.  *See* 28 U.S.C. 1446(a) (mandating venue for removal actions).

5.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's, including the Complaint, are attached hereto as Exhibit A.

6.  A copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (attached as Exhibit B).

## II.
## Removal Is Proper Because This Court Has Subject Matter Jurisdiction.

7.  This Court has exclusive jurisdiction over Plaintiff's claims because his state law claims for benefits are completely pre-empted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Pursuant to ERISA, federal jurisdiction lies where a recipient of an "employee welfare benefit plan" seeks to "clarify his rights to future benefits under the terms of the plan." 29 U.S.C. §§ 1002(1), 1132(a)(1)(B) & (e)(1).

8.  The United States Supreme Court has recognized that Congress gave ERISA the broadest possible preemptive power under federal law and that such preemption completely displaces the application of state law.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) (discussing ERISA preemption in the context of removal); *see also Pilot Life Ins. Co. v.*

*Dedeaux*, 481 U.S. 41, 45-46 (1987) ("the express pre-emption provisions of ERISA are deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern") (internal quotation marks omitted).

9. Here, Plaintiff alleges, *inter alia*, that Lowe's improperly classified him as an independent contractor rather than an employee and, as a result, improperly deprived him of the benefits that are offered to "all Lowe's employees." Compl. ¶ 3. Those alleged benefits include: "Comprehensive Health Insurance," "a Prescription Drug Benefit," "a Dental Plan," "Vision Care," "Basic Term Life Insurance, Supplemental Term Life Insurance, Dependent Term Life Insurance, Personal Accident Insurance and Business Travel Accident Insurance," as well as "a Stock Purchase Plan and a 401(k) savings Plan," among other benefits. Compl. ¶¶ 30-35.

10. The alleged retirement, health, and welfare benefits upon which Plaintiff bases his Class Action Complaint constitute qualified employee pension and/or welfare benefit plans and, therefore, are governed by ERISA. *See, e.g., Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431-2 (11th Cir. 1989) (discussing ERISA's scope in the context of preemption and removal).

11. Accordingly, to recover the ERISA-regulated benefits he seeks, Plaintiff must prove, among other things, that he is an "employee" for ERISA purposes. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). For this reason, Plaintiff's claims to those benefits fall within ERISA's broad and "deliberately expansive" pre-emptive reach and are completely pre-empted.

12. Where, as here, the doctrine of complete preemption applies, state law claims falling within its scope are "necessarily federal in character." *See Metro.*, 481 U.S. at 67. This

means that ERISA's preemptive effect is to convert state law claims for benefits into claims "arising under federal law for purposes of federal question jurisdiction," making the instant action properly removable to federal district court. *See, e.g., Clark v. Dale Prop. Serv.*, 2012 WL 851608 at *3 (W.D. Pa. March 13, 2012) (denying motion to remand where defendant removed action under ERISA preemption principles in circumstances where allegedly misclassified independent contractors brought claims exclusively under state law to seek the value of benefits provided to employees).

13. The Northern District of California recently concluded that removal was proper under ERISA in a case asserting very similar claims as those asserted here. In *Shephard v. Lowe's HIW, Inc.*, No. C 12-03893 (N.D. CA. Oct. 3, 2012), plaintiffs, two individuals who had contracted to perform installation services as independent contractors, brought suit in California state court claiming that they had been misclassified. The defendant, Lowe's HIW, Inc., removed the case to federal court on ERISA-pre-emption grounds and the plaintiffs sought remand. The court denied the plaintiffs' motion, finding that their claims were completely pre-empted under ERISA and, therefore, the court had subject matter jurisdiction over the case. *See* Order Denying Motion to Remand, entered October 3, 2012, attached as Exhibit C. The court concluded:

> Plaintiffs request that the Court find that they should correctly have been designated employees and to clarify their rights under the terms of an ERISA-covered plan and to allow recovery of those benefits. The fact that Plaintiffs do not refer to ERISA in their complaint is inapposite to the Court's analysis. Rather, in seeking the remedies available under ERISA, they have stated claims that "rise under" federal law. *See* 29 U.S.C. § 1132(g). Because Plaintiffs seeks a federal, ERISA benefit by way of their complaint, this Court has jurisdiction over the claims.

14. Here, Plaintiff brings state law claims based on the contention that Lowe's misclassified him and the putative class members as independent contractors rather than employees. *See, e.g.*, Compl. ¶ 3. In each count, Plaintiff alleges that Lowe's classified

4

installers as independent contractors to avoid paying Plaintiff and the class benefits it offered to its other employees.  Compl. ¶¶ 53, 56.  Plaintiff also avers that one "common question" presented by the Complaint is "[w]hether Lowe's improperly failed to provide Plaintiff and the class with benefits offered to all Lowe's employees[.]"  Compl. ¶ 42(d).  Accordingly, ERISA's preemptive reach transforms Plaintiff's state law claims into "claims arising under federal law for purposes of federal question jurisdiction."  *Clark*, 2012 WL 851608 at *3.

15.     Thus, because Plaintiff's state law claims are pre-empted under ERISA, original subject matter jurisdiction is vested with this Court pursuant to 28 U.S.C. § 1331, rendering removal of the instant matter proper.

WHEREFORE, Lowe's hereby removes this State Action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to this Court, pursuant to 28 U.S.C. § 1441.

Dated: November 2, 2012

                                          HUNTON & WILLIAMS LLP

By: s/Juan C. Enjamio
    Juan C. Enjamio
    Florida Bar No. 571910
    Anna Lazarus
    Florida Bar No. 41337
    1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131
    Tel: 305-810-2500
    Fax: 305-810-2460
    jenjamio@hunton.com
    alazarus@hunton.com

    - and -

    Phillip J. Eskenazi
    Emily Burkhardt Vicente
    (motions for admission *pro hac vice* forthcoming)
    Hunton & Williams LLP
    550 South Hope Street, Suite 2000
    Los Angeles, CA 90071
    (213) 532-2000
    peskenazi@hunton.com
    ebvicente@hunton.com

    *Attorneys for Defendant*
    *LOWE'S HOME CENTERS, INC.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via email and U.S. Mail on November 2, 2012, upon:

Noah Scott Warman
Sugarman & Susskind, P.A.
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Nwarman@sugarmansusskind.com

Jeffrey C. Block
Jason M. Leviton
Scott Mays
Block & Leviton LLP
155 Federal St., Suite 1303
Boston, MA 02110

                                          By: s/Juan C. Enjamio
                                               For Hunton & Williams LLP

23797.001182 EMF_US 42650583v2